**Helen Mederacke, Plaintiff-Appellant, v. William J. Becker, Dorothy P. Becker, Lina Hauschild, Arthur Hauschild and Cletus German, Administrator with the Will Annexed of the Estate of Richard Mederacke, Deceased, and Elda Naggi, Defendants, William J. Becker and Dorothy P. Becker, Defendants-Appellees.**

**Gen. No. 11,235.**

Fourth District.
October 8, 1970.

Sprague, Sprague & LeChien, of Belleville (Thomas A. LeChien, of counsel), for appellant.

McGrady, Madden & Watson, of Gillespie (D. A. McGrady, of counsel), for appellees.

CRAVEN, PRESIDING JUSTICE, delivered the opinion of the court.

We are again called upon to review part of a continuing controversy between these parties litigant. Actually, this litigation had its inception in 1947 and has been tenaciously pursued in various manners since that time. We had occasion to consider this matter, and the opinion is to be found at 56 Ill App2d 128, 205 NE2d 519 (4th Dist 1965).

The current controversy relates to a decree entered in May of 1963, which was in the form of a net judgment in favor of the plaintiff, Helen Mederacke, and against the defendants in the amount of $33,409.42. That judgment was affirmed by this court in the cited opinion.

Following that affirmance, a proceeding initiated by a citation to discover assets was instituted, and after various and sundry hearings and apparent ascertainment by the plaintiff that the defendants had insufficient assets to satisfy the judgment, and after various efforts for contempt citation and the issuance of orders restraining the transfer of property, the parties entered into a settlement agreement. An order was entered in the circuit court approving that agreement and dismissing the citation proceedings. That agreement provided that the parties desired to settle the judgment and to that end agreed that the defendants would pay to the plaintiff the sum of $15,000, that the plaintiff would enter a partial satisfaction of judgment acknowledging the receipt of the $15,000, and that the defendants would execute a quitclaim deed to certain real estate and pay the sum of $1,784.64 to plaintiff's attorney, $1,000 on or before May 1, 1969, and the remaining sum of $784.64 on or before May 1, 1970. Certain proceedings in the Circuit Court of St. Louis, Missouri, were to be dismissed without prejudice, and the agreement recited that time was of the essence.

Thereafter, and predictably in view of the history of this litigation, a petition was filed asking that the defendants be found in contempt in that there was an alleged failure to comply with the terms and conditions of the payment of the $1,784.64. Subsequently, a further petition was filed reciting that the sum had not been paid as agreed and seeking to revive in full the net judgment as set out in the decree of May 2, 1963.

It appears that the $15,000 payment was made as agreed. It further appears that the $1,784.64 payment was not made in exact conformity with the time schedule but that it was, in fact, paid in full and accepted prior to May 1, 1970. Thus, apparently part of the payment was late and part of it was early.

It is the essence of the plaintiff's contention in this court that the nonpayment in accordance with the terms and conditions of the agreement required that the trial court reinstate the full judgment. The trial court refused, observing that this litigation, like all litigation, had to end sometime and someplace and that the performance in full of the settlement agreement was now complete and the case would be considered to be concluded. This appeal is from that order.

Plaintiff relies upon the case of Wright v. Federal Wrecking Co. (Appeal of Goldman), 331 Ill App 231, 73 NE2d 16 (1st Dist 1947). In that case, a judgment based upon an award of the Industrial Commission in an amount in excess of $4,000 was sought to be compromised or satisfied. Upon the payment of some $350 there was a controversy between the parties as to whether the $350 was a part payment or in full satisfaction. The court refused to hold the judgment to be satisfied and stated (73 NE2d at 19):

> ". . . The general rule is that in the absence of a statute providing otherwise, a judgment is not discharged by a part payment under a parol agreement that such payment shall be accepted in full satisfaction, or by a part payment and an ordinary written receipt in full, and that the release of a judgment for less than the amount due is without consideration as to the balance and should be set aside pro tanto. 49 CJS, Judgments, . . . [sec] 563, page 1038. It was held in Weber v. Couch, 134 Mass 26, 45 Am Rep 274, that an agreement (endorsed upon an execution) by which a creditor acknowledged satisfaction of the judgment in consideration of the payment of a smaller sum than the amount due thereof, was invalid. This case was followed in Smith v. Johnson, 224 Mass 50, 112 NE 644. In Ostrander v. Scott, 161 Ill 339, our Supreme Court

said at page 345, 43 NE 1089, 1090: 'The authorities are numerous and uniform that a payment of a part of a fixed and certain demand, which is due, and not in dispute, is no satisfaction of the whole debt, even where the creditor agrees to receive a part for the whole, and gives a receipt for the whole demand. Bish Con . . . [sec] 50; 2 Pars Con (5th ed) 618; Curtiss v. Martin, 20 Ill 557; Morrill v. Baggott, 157 Ill 240, 41 NE 639; Titsworth v. Hyde, 54 Ill 386. This doctrine rests upon the ground that the agreement for a discharge of the entire debt is without consideration. But it is limited to cases where the debt is of the character stated. It has no application to the honest settlement of unliquidated or disputed demands. Hayes v. [Massachusetts Mut. Life] Ins. Co., 125 Ill 626, 18 NE 322 [1 LRA 303]. The rule disregards the actual intention of the parties. And if the balance due is disputed, and the subject of an honest settlement and adjustment by the parties, such settlement will bar a recovery.' . . . ."

 The Wright case and the authorities cited therein are not determinative of the issue here. Here the parties sought to compromise and settle various and sundry diverse claims, a course of conduct that is generally to be encouraged and here to be applauded. There was full compliance with the agreement, save for the date of one payment of costs. To now undo that which has been done and reinstate in full the original judgment would be lacking in equity and unwise. It would reopen wounds and animosities that have taken more than twenty-two years to cure. A court has inherent power to protect itself and litigants against harassing and vexatious litigation. It not only has the power, but it has the duty to do so. Patterson v. Northern Trust Co., 286 Ill 564, 122 NE 55 (1919). There is no suggestion here that the settlement agreement was other than

fair or equitable under the facts and circumstances. There is no suggestion that the tardiness demonstrated by the record was in any way prejudicial to the real interests of any of the parties. The action of the trial court was not an abuse of discretion, but on the contrary, was an exercise of sound discretion, and that action is affirmed.

Judgment affirmed.

SMITH and TRAPP, JJ., concur.