30 November 1999

No. 2--99--0039

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

THE PEOPLE OF THE STATE OF      ) Appeal from the Circuit Court

ILLINOIS,                       ) of Kane County.

                                )

Plaintiff-Appellee,        )

                                )

v.                           ) No. 96--MR--131

                                )

1515 COOLIDGE AVENUE, AURORA,   )

ILLINOIS,                       )

                                )

Defendant                  )

                                ) Honorable

(David Aquino, Claimant-        ) Patrick J. Dixon,       

Appellant).  ) Judge, Presiding.

_________________________________________________________________

JUSTICE THOMAS delivered the opinion of the court:

The State initiated this civil forfeiture proceeding in the circuit court of Kane County by filing a complaint against certain real property located at 1515 Coolidge Avenue in Aurora, Illinois (the property), pursuant to the Drug Asset Forfeiture Procedure Act (the Act or the Forfeiture Act) (725 ILCS 150/1 
et
 
seq
. (West 1998)).  The claimant, David Aquino, filed an answer contesting the forfeiture and claiming exclusive ownership of the property.  The trial court granted summary judgment in favor of the State, ordering the forfeiture of the property.  The claimant appeals, contending that the State failed to allege sufficient facts in its complaint to establish the requisite probable cause for the forfeiture.

The record reveals that on April 10, 1996, the State filed its forfeiture complaint alleging that Derrick R. Aquino is the actual owner of the property, that the current tenant residing at the property, Jessie Lucena, pays $650 per month rent to Derrick and that he has received mail for Derrick at the property, that in May 1995 Armando Orozco "sold the Property to David Aquino on paper but Derrick R. Aquino actually paid Armando Orozco $100,000 cash for the property," and that the property was "purchased with and paid for with and constitutes proceeds from the deliveries of controlled substances in violation of 720 [ILCS] 570/401 
et
 
seq
."  On June 3, 1996, the claimant filed an answer to the State's complaint admitting that Lucena pays Derrick $650-per-month rent and that Derrick received mail at the property.  The claimant also admitted that Orozco sold the property to the claimant on paper but Derrick actually paid Orozco $100,000 cash for it.  The claimant's answer further stated that the property was "the fruits of the Claimant's legitimate earnings and if tainted by a controlled substance, such taint occurred outside the presence and without the knowledge or consent of the Claimant."

On February 11, 1997, the State served a discovery request upon the claimant in the form of interrogatories and a request to produce records and documents.  The claimant did not comply with that request.  On June 16, 1997, the trial court entered an agreed order giving the claimant 30 days to respond to the State's discovery request.  The claimant did not comply with that order.  On November 26, 1997, the claimant filed a motion to dismiss the State's complaint for failure to state a cause of action.  However, this motion was never heard by the trial court, and the claimant did not obtain a ruling upon the motion.

On May 14, 1998, the claimant's counsel wrote the State a letter indicating for the first time that the claimant would not comply with the State's discovery request because he intended to assert his fifth amendment right to remain silent.  On May 27, 1998, the State filed a motion to bar the claimant from presenting any evidence or testimony in the case because of the claimant's repeated unwillingness to comply with the State's discovery request and his refusal to comply with the court's discovery order.  In its motion, the State claimed that the claimant's assertion of the fifth amendment was not timely and that the State would be willing to provide the claimant with immunity from prosecution in connection with acts relevant to the complaint.  On June 1, 1998, the claimant filed a response to the State's discovery request indicating that he was asserting his right to remain silent.  On that same day, the trial court struck the upcoming trial date and ordered the claimant to appear on June 18, 1998, for a hearing on the fifth amendment issue.  The claimant did not appear for the hearing on June 18, 1998.

On July 21, 1998, the trial court entered an agreed order giving the claimant one week to comply with the State's outstanding discovery request.  When the claimant did not comply with that order, the State filed a motion on July 29, 1998, to dismiss the claimant's claims.  On August 3, 1998, the trial court entered an order barring the claimant from presenting evidence in the case and continued the case to August 18, 1998, for a hearing on the State's motion to dismiss.  The State's motion to dismiss was eventually denied.

On August 17, 1998, the State filed a motion for summary judgment in which it noted that the claimant had been barred from presenting any evidence in the case and that the only issue was whether probable cause exists to believe that the property in question had been purchased with the proceeds of illegal drug activity.  The State attached to its motion the affidavits of Derrick R. Aquino and Aurora police officer Mike Tierney.

Derrick stated in his affidavit that he paid Orozco a total of $100,000 in cash for the purchase of the property in question.  Derrick further stated that the claimant's name appears on the documents by which the property was conveyed, but he (Derrick) was the one who actually paid for and was the buyer of the property.  He also stated that the $100,000 in cash he used to pay for the property was money he made from illegal drug deliveries.

Officer Tierney stated in his affidavit that Orozco told him that he sold the house "on paper" to the claimant but that Derrick actually supplied the money for the sale.  According to the affidavit, Orozco told Tierney that Derrick paid cash for the house in several installments and that Derrick wanted the claimant's name on the deed.

On August 18, 1998, the trial court held the claimant in contempt of court and ordered him to appear for a hearing on September 10, 1998, on the State's motion for summary judgment.  On September 4, 1998, the claimant filed a motion under section 2--619 of the Code of Civil Procedure (735 ILCS 5/2--619 (1998)) to dismiss the complaint, contending that, at the time the State filed its complaint, it was required to have probable cause to believe that the property was purchased with the proceeds from illegal drug activity.  The claimant failed to appear on September 10, 1998, as ordered.  On that day, the trial court ordered the claimant to appear on October 1, 1998, to determine whether his assertion of the fifth amendment privilege was valid "on a question by question basis."  The court further ordered that a warrant issue for the claimant's arrest if he failed to appear on that date.  On October 1, 1998, the claimant again failed to appear in court and a warrant was issued for his arrest.

On November 26, 1998, a hearing was held on the claimant's section 2--619 motion to dismiss and on the State's motion for summary judgment.  The trial court first struck the claimant's previously filed section 2--615 motion to dismiss, noting that the claimant had not advanced that motion but rather had filed his answer and was now seeking relief by way of a section 2--619 motion.  The court then denied the claimant's section 2--619 motion and granted the State's motion for summary judgment, which requested the forfeiture of the property.  In granting the State's motion, the court noted that the procedure set forth in the Act requires only a showing of the existence of probable cause for the forfeiture of the property and not that the State show that it had probable cause at the time it instituted the lawsuit (see 725 ILCS 150/9(G) (West 1998)).  The court further noted that the unrebutted evidence showed that the claimant purchased the property as a nominee of Derrick Aquino and that the funds used for the purchase were derived from illegal drug deliveries.  The court also noted that the claimant had been barred from presenting evidence or testimony in the case because of his repeated failure to answer discovery and to appear in court for a hearing on his fifth amendment right. 

On appeal, the claimant first argues that the trial court erred in granting summary judgment for the State.  The claimant maintains that the State was required to have probable cause for the forfeiture at the time the action was filed and that the State's complaint was deficient because it did not allege sufficient facts indicating that the property was connected to illegal drug transactions.  The claimant further argues that the trial court erred in barring him from presenting evidence and testimony.  The claimant also argues that the affidavits presented by the State in support of its motion for summary judgment were insufficient to establish probable cause.

In response, the State points out that the forfeiture statute does not require it to establish probable cause at the time of the filing of a complaint.  It argues that probable cause for the forfeiture was established by the affidavits it attached to its motion for summary judgment.  The State further argues the claimant waived his right to attack the sufficiency of the complaint by not obtaining a ruling on his section 2--615 motion to dismiss and by answering the complaint.

The purpose of the Forfeiture Act is to deter violations of the Controlled Substances Act (720 ILCS 570/100 
et
 
seq
. (West 1998)) and to establish uniform procedures for the seizure and forfeiture of drug-related assets.  
People v. $1,124,905 U.S. Currency
, 177 Ill. 2d 314, 326 (1997).  The Act is to be construed in light of the provisions contained in the federal forfeiture statute as interpreted by the federal courts, except to the extent that the provisions conflict.  
$1,124,905 U.S. Currency
, 177 Ill. 2d at 326.  Additionally, the Act is to be liberally construed to effectuate its remedial purpose.  725 ILCS 150/13 (West 1998).

Where the property seized is "non-real property that exceeds $20,000 in value excluding the value of any conveyance, or is real property," the Act provides for a judicial 
in
 
rem
 procedure.  725 ILCS 150/9 (West 1998).  "If, after a review of the facts surrounding the seizure, the State's Attorney 
is of the opinion
 
that the seized property is subject to forfeiture, then *** the State's Attorney shall institute judicial forfeiture proceedings by filing a verified complaint for forfeiture."  (Emphasis added.)  725 ILCS 150/9(A) (West 1998).  Unlike the federal forfeiture statute, which requires the government to show probable cause at the time the forfeiture action is instituted (19 U.S.C. §1615 (1994)), the Illinois statute requires the State to show probable cause only at the 
in
 
rem
 proceeding in its case in chief (725 ILCS 150/9(B) (West 1998)).  Because the two statutes are different as to when probable cause must be shown, we do not find the federal case law cited by the claimant on this point to be persuasive.  

Under the Act, once the State shows the existence of probable cause for the forfeiture of the property, the claimant has the burden of showing by a preponderance of the evidence that the claimant's interest in the property is not subject to forfeiture.  725 ILCS 150/9(G) (West 1998).  The Illinois Supreme Court has held that if the State alleges in its forfeiture complaint that property is drug related, it must present some factual support in its complaint to provide notice to the claimant of the nature of the drug connection.  
$1,124,905 U.S. Currency
, 177 Ill. 2d at 339-41.  Such factual detail is acutely necessary in the context of a civil forfeiture action because the police may summarily seize property without judicial sanction.  720 ILCS 570/505(b)(4) (West 1998); 
$1,124,905 U.S. Currency
, 177 Ill. 2d at 339-40.  "Thus, an appropriate motion challenging the factual sufficiency of the State's complaint provides the first opportunity for a claimant to challenge the seizure in order to obtain the return of the property wrongfully seized."  
$1,124,905 U.S. Currency
, 177 Ill. 2d at 340.

Both the claimant and the State rely on our supreme court's decision in 
$1,124,905 U.S. Currency
, 177 Ill. 2d 314, in support of their respective positions.  In that case, the State alleged in its forfeiture complaint that "the U.S. Currency was furnished or intended to be furnished in exchange for a substance, or the proceeds thereof, in violation of the Controlled Substances Act."  
$1,124,905 U.S. Currency
, 177 Ill. 2d at 339.  The claimant filed an answer to the complaint, and the State moved to strike the answer on the grounds that it did not specify, among other things, the extent of the claimant's interest in the property and the circumstances of the claimant's acquisition of the property as required by sections 9(D)(iii) and (D)(iv) of the Act (725 ILCS 150/9(D)(iii), (D)(iv) (West 1998)). 
$1,124,905 U.S. Currency
, 177 Ill. 2d at 319-20.  When the claimant asserted his fifth amendment privilege and refused to provide the information required by section 9(D), the trial court struck his answer, finding that he lacked standing to contest the forfeiture. 
$1,124,905 U.S. Currency
, 177 Ill. 2d at 318.  In the time allowed for the claimant to file an amended answer, he instead filed a motion to strike the State's complaint as being factually insufficient and a motion to make the complaint more definite.  
$1,124,905 U.S. Currency
, 177 Ill. 2d at 320.  Those motions were denied, and the claimant elected to stand  on his stricken answer. 
$1,124,905 U.S. Currency
, 177 Ill. 2d at 320-21.  The State then filed a motion for default and forfeiture, attaching to the motion an affidavit of the police officer who seized the property.  
$1,124,905 U.S. Currency
, 177 Ill. 2d at 321.  The affidavit set forth in detail the circumstances surrounding the seizure. 
$1,124,905 U.S. Currency
, 177 Ill. 2d at 321.  Relying on the information contained in the affidavit, the trial court entered an order of forfeiture. 
$1,124,905 U.S. Currency
, 177 Ill. 2d at 323.

On appeal, the supreme court reversed the forfeiture order and remanded the cause to allow the State to amend its complaint to provide factual support for the conclusory allegation that the property was drug related.  
$1,124,905 U.S. Currency
, 177 Ill. 2d at 341.  In so doing, the supreme court stated that, because the police officer's affidavit was not submitted until after the claimant was found in default, the lower courts erred in considering the information in that affidavit to determine that the State had satisfied its burden of probable cause.  
$1,124,905 U.S. Currency
, 177 Ill. 2d at 334.  Thus, the State was effectively allowed to amend its complaint after the default.  
$1,124,905 U.S. Currency
, 177 Ill. 2d at 334.  The supreme court further held that a claimant may decline to answer the interrogatories required by section 9(D) of the Act pursuant to the claimant's constitutional privilege against self-incrimination but that such refusal may result in adverse inferences against the claimant.  
$1,124,905 U.S. Currency
, 177 Ill. 2d at 341.

Turning to the present case, we find that the trial court did not err in granting the State's motion for summary judgment and ordering the forfeiture of the property.  The facts in the present case are different from those in 
$1,124,905 U.S. Currency
.  Unlike 
$1,124,905 U.S. Currency
, the claimant in the case at bar never obtained a ruling on his section 2--615 motion to dismiss, even though it was the movant's responsibility to obtain such a ruling (see 
People v. Neal
, 142 Ill. 2d 140, 151 (1990)).  A section 2--

615 motion attacks the legal sufficiency of the complaint (see 735 ILCS 5/2--615 (West 1998)) and was the appropriate motion to attack the State's complaint on the basis that it failed to allege sufficient facts connecting the property to illegal drug activity (see 
$1,124,905 U.S. Currency
, 177 Ill. 2d 314).  However, the claimant chose to proceed by filing a section 2--619 motion to dismiss.  A section 2--619 motion "admits both the truth of the facts alleged in support of the claim and the legal sufficiency of the claim, but it raises affirmative matters which it asserts defeat the claim."  (Emphasis omitted.) 
Barber-Colman v. A&K Midwest Insurance Co.
, 236 Ill. App. 3d 1065, 1075 (1992).  The trial court correctly concluded that there were not any affirmative matters that defeated the State's claim.

The claimant is mistaken that the State's complaint must indicate that probable cause existed at the time the complaint was filed.  The Act merely requires the State to establish probable cause at the 
in
 
rem
 proceeding and that the State's Attorney file a forfeiture complaint if, after review of the facts, he "is of the opinion that the seized property is subject to forfeiture." 725 ILCS 150/9(A) (West 1998).  Moreover, the supreme court in 
$1,124,905 U.S. Currency
 did not require the State to show that probable cause existed at the time the complaint was filed.  Instead, the court found that a claimant may attack by appropriate motion a complaint that fails to present some factual support of the drug connection and that the State should have an opportunity to amend its complaint to allege such a connection. 
$1,124,905 U.S. Currency
, 177 Ill. 2d at 340-41.  

In the present case, it is clear from the State's affidavits that a sufficient connection existed between illegal drug activities and the subject property.  Section 8(D) of the Act specifically provides that property is not exempted from forfeiture if the interest holder holds "the property for the benefit or as nominee for any person whose conduct gave rise to its forfeiture."  725 ILCS 150/8(D) (West 1998).  The State's affidavits established that the claimant held the property for the benefit of Derrick, who purchased it with proceeds from illegal drug transactions.

When an affidavit not contradicted by a counteraffidavit is filed in support of a motion for summary judgment or in support of a section 2--619 motion, the facts contained in the affidavit are admitted and must be taken as true.  
Purtill v. Hess
, 111 Ill. 2d 229, 241 (1986); 
Barber-Colman Co. v. A&K Midwest Insurance Co.
, 236 Ill. App. 3d 1065, 1078 (1992).  Here, the claimant did not file a counteraffidavit in response to the State's affidavits, and the allegations therein must be taken as true.  Those affidavits clearly established probable cause connecting the property to illegal drug transactions.  Unlike in 
$1,124,905 U.S. Currency
, the State in the present case submitted its affidavits establishing probable cause before any hearing on the claimant's motions to dismiss.  Because the claimant did not advance his cause to obtain a ruling on his section 2--615 motion, and because the State submitted its affidavits prior to the hearing on the claimant's section 2--619 motion and prior to the hearing on the State's motion for summary judgment, we find that 
$1,124,905 U.S. Currency
 does not require that we reverse and remand the cause to allow the State to amend its complaint.  Instead, we find that the trial court properly granted the State's motion for summary judgment.

The claimant contends that the affidavits presented by the State were unreliable and did not establish probable cause for the forfeiture.  We disagree.  Supreme Court Rule 191 provides that affidavits in support of a motion for summary judgment shall be made on the personal knowledge of the affiant and that the affiant be competent to testify to the facts therein.  145 Ill. 2d R. 191.  The rule is satisfied if it appears from the whole of the documents that the affiant would be competent to testify if called upon at trial.  
Purtill v. Hess
, 111 Ill. 2d at 241.  Pursuant to section 9(B) of the Forfeiture Act, hearsay evidence is admissible at the 
in
 
rem
 proceeding on probable cause for forfeiture.  725 ILCS 150/9(B) (West 1998).  Accordingly, we conclude that Officer Tierney's unrebutted affidavit was properly considered by the trial court in support of the State's motion for summary judgment.  With respect to Derrick's affidavit, the defendant claims that the affidavit was not credible because Derrick admitted to drug dealing and he may have been promised leniency by the State.  However, the claimant cites no authority for the proposition that Derrick's affidavit was rendered inadmissible because of his admitted drug dealing or possible promises of leniency.  As previously stated, the facts contained in an affidavit must be taken as true for purposes of the motion.  
Purtill
, 111 Ill. 2d at 241.  We also note that Derrick's affidavit was substantially corroborated by Officer Tierney's affidavit.  The claimant's failure to file a counteraffidavit left no factual dispute for the trial court to resolve.  Accordingly, we find that the trial court did not err in granting summary judgment for the State.

We also find that the trial court did not err in barring the claimant from presenting evidence or testimony as a discovery sanction.  In $
1,124,905 U.S. Currency
, the claimant asserted his fifth amendment privilege in his answer and there was no "dispute that [the claimant's] disclosure of the circumstances surrounding his acquisition of the property would pose a realistic threat of future criminal liability."  
$1,124,905 U.S. Currency
, 177 Ill. 2d at 359 (Freeman, J., dissenting).  In contrast, the instant claimant did not assert the privilege in his answer and did not assert it in response to the State's initial discovery request.  Instead, the claimant refused to comply with court-ordered discovery without offering any reason for doing so.  In fact, the claimant did not raise the privilege until more than two years after the State's complaint was filed.  In the meantime, he simply ignored discovery requests and a court order.  Additionally, once the privilege was raised, the State offered immunity from prosecution.  More importantly, however, the claimant failed to appear at the scheduled hearing to consider his fifth amendment claim, and the record does not indicate that the disclosure of the information sought by the State would have posed a realistic threat to the claimant of future criminal liability.  Under the circumstances, it is clear that the trial court entered its order barring the claimant from presenting evidence or testimony at the probable cause proceeding as a sanction for his dilatory tactics  in refusing to comply with the court's orders and the State's discovery requests, and not because of his assertion of any valid fifth amendment privilege.

For the foregoing reasons, we affirm the judgment of the circuit court of Kane County granting the State's summary judgment motion and ordering the forfeiture of the property.

Affirmed.

BOWMAN and HUTCHINSON, JJ., concur.