FOURTH DIVISION

August 18, 2005

No. 1-04-1462

KENNETH A. SWIATEK, ) Appeal from the

) Circuit Court of

Plaintiff-Appellant, ) Cook County.

)

v. ) No. 99 L 3627

) 

DAVID AZRAN, Personally and d/b/a Azran Asset Management, ) Honorable

) Barbara J. Disko,

Defendant-Appellee. ) Judge Presiding.

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff Kenneth A. Swiatek appeals from the circuit court’s denial of his motion to reconsider its order reducing the amount due to plaintiff pursuant to a settlement agreement with defendant David Azran.  F
or the reasons that follow, we affirm.

At various times throughout the late 1990s, plaintiff, a real estate broker, agreed with defendant, a real estate investor, that plaintiff would locate, procure, sell, and manage several residential properties in and around Chicago on defendant’s behalf in exchange for commissions and fees.  In March 1999, plaintiff filed a complaint seeking payment for balances due for his services for a total amount of $43,235, plus costs.  

In November 2002, the parties agreed to a 
"
Stipulation to Dismiss Action,” wherein defendant agreed to pay $24,000 in complete settlement, with $20,000 due by November 13, 2002, and the remaining $4,000 due by November 13, 2003, and that the cause would be dismissed without prejudice, but the circuit court would retain jurisdiction over the matter in the event defendant failed to pay the agreed settlement amounts in a timely fashion or otherwise failed to comply with the terms of the agreement.  Upon defendant’s failure to comply, plaintiff would "have judgment entered against Defendant in the full amount claimed, plus court costs, plus reasonable attorney fees, but less any payments actually made.”  

In December 2003, plaintiff filed a motion to reinstate and for judgment, alleging that defendant made the initial payment of $20,000 in a timely manner but failed to pay the remaining $4,000 by the agreed deadline.  

In response, defendant argued that plaintiff had breached the settlement agreement by failing to bring additional properties to defendant’s attention in order that defendant could purchase them at foreclosure and that he was no longer liable for any additional sums.  In support, defendant attached a fax, with a cover page dated November 7, 2002, which stated that the entire transmission consisted of four pages and that the attached document was a draft of the stipulation agreement and dismissal order.  The attached document, only a single page in length, purported to be an understanding between the parties that, should plaintiff bring property to defendant’s attention and defendant purchase it, defendant would be obligated to pay plaintiff $5,000 within five business days.   The agreement provided that either party could cancel it after November 11, 2003, with 10 days’ notice to the other party.  The agreement made no reference to the pending litigation between the parties and was neither signed nor dated by either party.

The circuit court granted plaintiff’s motion to reinstate and thereafter entered judgment in favor of plaintiff in the amount of $23,535.  The court also denied defendant’s motion for an evidentiary hearing on the matter of plaintiff’s breach of the settlement agreement.

On January 16, 2004, defendant filed an emergency motion to reconsider the court’s December 22 judgment, realleging the arguments made in his response to plaintiff’s motion to reinstate and seeking an order that defendant was not obligated to remit the $4,000 sum agreed to in the settlement stipulation, as well as a stay on any collection efforts by plaintiff.  On January 26, 2004, the court granted defendant’s motion and vacated its December 22, 2003, judgment.  The court found that defendant had tendered personal checks in the amount of $4,000 to plaintiff and in the amount of $350 to plaintiff’s attorney.  The court ordered that, as part of the enforcement of the settlement stipulation, defendant would pay an additional $600 to plaintiff’s counsel and that upon remittance, a release of judgment and garnishments would issue.

Plaintiff brought a motion to reconsider the court’s January 26 order, arguing that the court had erroneously altered the terms of the initial settlement agreement by allowing defendant to tender payment in an untimely fashion.  Following argument, the circuit court denied plaintiff’s motion. 

On appeal, plaintiff contends that the circuit court erred in denying his motion to reconsider because the January 26 order fundamentally altered the material terms of the settlement stipulation by allowing defendant to remit the $4,000 amount to plaintiff beyond the time limit specified.  Defendant responds that plaintiff has waived the issue by failing to provide authority supportive of his arguments, as required by Supreme Court Rule 341(e).  188 Ill. 2d R. 341(e).  We disagree.  Plaintiff has provided several citations to authority concerning settlement agreements and trial courts’ authority to enforce them.  Accordingly, we will consider the merits of plaintiff’s appeal.

Where a party’s motion for reconsideration merely asks the trial court to reexamine its earlier application of existing law, our review of its denial is 
de novo
.  
O’Shield v. Lakeside Bank
, 335 Ill. App. 3d 834, 838 (2002).

Plaintiff argues that the stipulation agreement between him and defendant was a valid settlement agreement, that the timing of the agreed-upon amounts was of the essence, that the circuit court was obligated to enforce it, and that allowing defendant to tender the $4,000 amount beyond the agreed upon deadline constituted reversible error.

Settlement agreements are construed and enforced under principles of contract law.  
Solar v. Weinberg
, 274 Ill. App. 3d 726, 731 (1995).   Where one party breaches such an agreement, the other party may be entitled to rescission and to be restored to his or her status before the agreement was reached.  
Solar
, 274 Ill. App. 3d at 733.  However, not every breach entitles a party to rescission, and the decision whether to rescind a settlement agreement is left largely to the discretion of the trial court.  
Solar
, 274 Ill. App. 3d at 733; 
Mederacke v. Becker
, 129 Ill. App. 2d 434, 438-39 (1970); 
Janssen Brothers, Inc. v. Northbrook Trust & Savings Bank
, 12 Ill. App. 3d 840, 844 (1973).  A party may be entitled to rescission only where there has been a substantial nonperformance or breach by the other party.  
Solar
, 274 Ill. App. 3d at 733.  Substantial nonperformance occurs where the matter not performed is of such a nature and importance that the agreement would not have been entered into without it.  
Solar
, 274 Ill. App. 3d at 733.  

Illinois courts, as well as the United States District Court for the Northern District, have held that where monetary settlements were paid in full but may not have been tendered in accordance with explicit deadlines, even where time was of the essence, a trial court does not abuse its discretion in refusing to rescind the underlying settlement agreement and reinstate an earlier judgment.  See 
Mederacke
, 129 Ill. App. 2d at 438-39; 
Berg v. Lippig
, No. 96 C 881 (N.D. Ill. 1996).  In 
Mederacke
, the court reasoned that, where there is no evidence to suggest that a late payment was prejudicial to either party, and where there is no evidence to suggest that a settlement is not fair or equitable, rescission is both "lacking in equity and unwise,” as courts ought to encourage settlement agreements and enforce them where it is proper to do so.  
Mederacke
, 129 Ill. App. 2d at 438.

The record before us demonstrates that the parties agreed to a total settlement amount of $24,000, with the initial sum of $20,000 payable by defendant to plaintiff in November 2002 and the remaining $4,000 due in November 2003.  There is no dispute that defendant tendered the initial $20,000 in a timely fashion and tendered the remaining $4,000, plus $950 in attorney fees, in January 2004.  Nowhere in his motion to reconsider or in his argument on appeal does plaintiff demonstrate that the settlement agreement he reached with defendant was in any way unfair or inequitable or that defendant’s full satisfaction thereof two months beyond the agreement’s stated deadline was in any way prejudicial.  Accordingly, we find that the trial court did not abuse its discretion in vacating its previous order rescinding the settlement and ordering the parties to fulfill its terms.

For the foregoing reasons, we affirm the judgment of the circuit court.

QUINN, P.J., and THEIS, J., concur.