PAMELA J. WHAMOND *et al.*, Plaintiffs-Appellees, v. LEON K. McGILL *et al.*, Defendants-Appellants.

First District (4th Division)   No. 87—0085

Opinion filed March 10, 1988.

Wildman, Harrold, Allen & Dixon, of Chicago (James A. Christman, Ruth E. VanDemark, Dale G. Wills, and Daniel R. Gregus, of counsel), for appellants.

Jeffrey M. Goldberg and Constance R. O'Neill, both of Jeffrey M. Goldberg, Ltd., of Chicago, for appellees.

JUSTICE JOHNSON delivered the opinion of the court:

This proceeding was instituted when plaintiffs, Pamela J. Whamond and Wilbur O. Whamond, Jr., filed suit to recover damages occasioned by the alleged medical malpractice of defendants Leon K. McGill, M.D., Louis B. Leone, M.D., Edil Trudes S. Caviles, executrix of the estate of Alfredo P. Caviles, M.D., deceased, and OB-GYNE Specialists, S.C. Defendants appeal from an order, entered December 4, 1986, which granted plaintiffs' motion to voluntarily dismiss their complaint. This appeal raises questions on the pleadings and presents the following issues: (1) whether the trial court erred when it denied a motion to dismiss plaintiffs' complaint with prejudice; and (2) whether the trial court erred by granting plaintiffs' motion to voluntarily dismiss and refusing to hear or rule on defendants' previously filed motion to reconsider.

We affirm.

The relevant facts are few. On November 14, 1985, plaintiffs filed a complaint alleging medical malpractice against the defendants. The complaint, because of the date of filing, was subject to the pleading requirements of section 2—622 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—622) (the Code), which provides, in pertinent part, as follows:

"Healing art malpractice. (a) In any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney *** shall file an af-

fidavit, attached to the original and all copies of the complaint, declaring one of the following:

1. That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes is knowledgeable in the relevant issues involved in the particular action and who practices in the same specialty as the defendant if the defendant is a specialist; that the reviewing health professional had determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause of filing of such action. *** A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, must be attached to the affidavit, but information which would identify the reviewing health professional may be deleted from the copy so attached.

2. That the affiant was unable to obtain a consultation required by paragraph 1 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. If an affidavit is executed pursuant to this paragraph, the certificate and written report required by paragraph 1 shall be filed within 90 days after the filing of the complaint. The defendant shall be excused from answering or otherwise pleading until 30 days after being served with a certificate required by paragraph 1.

3. That a request has been made by the plaintiff or his attorney for examination and copying of records pursuant to Part 20 of Article VIII of this Code and the party required to comply under those Sections has failed to provide such records within 60 days of the receipt of the request. If an affidavit is executed pursuant to this paragraph, the certificate and written report required by paragraph 1 shall be filed within 90 days following receipt of the requested records. All defendants except those whose failure to comply with Part 20 of Article VIII of this Code is the basis for an affidavit under this paragraph shall be excused from answering or otherwise pleading until 30 days after being served with the certificate required by paragraph 1.

* * *

(g) The failure to file a certificate required by this Section shall be grounds for dismissal under Section 2—619." (Ill. Rev. Stat. 1985, ch. 110, par. 2—622.)

In the instant case, plaintiffs attached to their complaint the affidavit of their attorney stating that they were unable to obtain such an expert consultation because of statute of limitations considerations.

Defendants filed a motion to dismiss plaintiffs' complaint pursuant to sections 2—622(g) and 2—619 of the Code on February 25, 1986. They based their motion on plaintiffs' failure to file the written report of a health professional within 90 days after they filed their complaint, as required by section 2—622(a)(2) of the Code. In support of their motion to dismiss, defendants filed the affidavit of their office manager, which established that the defendants' medical records for Pamela Whamond had been given to the plaintiffs in January 1985.

The hearing on defendants' motion to dismiss was held on April 25, 1986. During that hearing, plaintiffs sought leave to file *instanter* an amended complaint and a certificate and report of a health professional. The trial court granted plaintiffs' request and denied defendants' motion to dismiss.

On May 23, 1986, defendants filed a motion to reconsider the April 25 ruling or, in the alternative, to certify the issue for appeal. They contended that section 2—622 required a dismissal of plaintiffs' complaint for failure to file the appropriate medical report on time. A briefing schedule was set and hearing on defendants' motion was continued until September 19, 1986. At that time, plaintiffs filed a motion to voluntarily dismiss the case pursuant to section 2—1009 of the Code. The trial court granted plaintiffs' motion to voluntarily dismiss on December 4, 1986. The trial court refused to hear defendants' motion to reconsider, considering the matter moot in light of the dismissal. Defendants are appealing from that order.

## I

Defendants contend that sections 2—622(a)(2) and 2—622(g) of the Code explicitly mandate the dismissal with prejudice of plaintiffs' complaint for failure to file the certificate and written report of a health professional within 90 days after the complaint was filed. They first argue that the plain meaning and language of the statute clearly compel dismissal under these circumstances.

■ The primary rule of statutory construction is to ascertain and effectuate the intent of the legislature. In so doing, a court looks first to the language of the statute itself; if the language is clear, the court

must give it effect. (*In re Marriage of Logston* (1984), 103 Ill. 2d 266, 277; see also Ill. Rev. Stat. 1985, ch. 1, pars. 1001, 1002.) Although defendant argues that the intent of section 2—622 is clear from its language, this court has found it to be anything but clear and unambiguous. We have considered issues similar to the one presented here in four cases (see *Huff v. Hadden* (1987), 160 Ill. App. 3d 530; *Abbey v. Ravingdranathan* (1987), 160 Ill. App. 3d 161; *Goldberg v. Swedish Convent Hospital* (1987), 160 Ill. App. 3d 867; *Walter v. Hill* (1987), 156 Ill. App. 3d 708), with varying results and interpretations. "When, as here, a statute is susceptible of two [or more] interpretations, it becomes proper to examine sources other than its language for evidence of legislative intent. The legislative history of the statute in question of course is relevant. [Citation.] The reason for enactment, the circumstances that led to adoption, and the end to be achieved are all properly considered. [Citations.]" *In re Marriage of Logston* (1984), 103 Ill. 2d 266, 279.

This court went beyond the language in determining the legislative intent of section 2—622 in *Walter v. Hill* (1987), 156 Ill. App. 3d 708. There, we considered whether a plaintiff in a medical malpractice action who inadvertently filed neither the affidavit of merit as required by section 2—622(a)(1), nor an affidavit asserting the inability to comply pursuant to sections 2—622(a)(2) and (a)(3), was subject to dismissal with prejudice. The court stated that the legislative intent which spurred the enactment of section 2—622 was to deter the filing of frivolous and nonmeritorious medical malpractice actions. The court reasoned that the absence of an affidavit at the time of filing was not meant to cut off all rights to relief, in that the statute itself offers safety valves which permit the late filing of the affidavit of merit. The court further took note of the legislative intent expressed in section 1—106 of the Code, which specifies that the Code of Civil Procedure is to be liberally construed so as to guard the substantive rights of the parties. The court held that the failure to file the affidavit at the time the complaint was filed was merely a "minor technical error" and that it is well within the trial court's discretion to permit a plaintiff to submit the affidavit at a later date. The court went on to find that the exercise of such discretion by the trial court would "most fully [fulfill] the legislative goal of protecting the substantive rights of the parties while at the same time [keep] with[in] the spirit of section 2—622 and its purpose of deterring nonmeritorious litigation." *Walter*, 156 Ill. App. 3d at 711.

We agree with the reasoning in *Walter*. Therefore, we find here that the trial court was well within its discretion in allowing

plaintiffs to amend their complaint to comply with section 2—622(a)(1) before defendants' previously filed motion to dismiss had been decided.

## II

■ Defendants contend next that the trial court erred in granting plaintiffs' motion to voluntarily dismiss and in refusing to consider their previously filed motion to reconsider. They acknowledge that until recently a plaintiff in Illinois was considered to have an absolute right to voluntarily dismiss a cause of action prior to trial pursuant to section 2—1009 of the Code and to refile that action within one year pursuant to section 13—217 of the Code. (Ill. Rev. Stat. 1985, ch. 110, pars. 2—1009, 13—217.) They argue, however, that recent decisions established that a plaintiff's right to voluntary dismissal is not absolute when it is confronted with defense motions which might be dispositive. They rely on *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, and *Dillie v. Bisby* (1985), 136 Ill. App. 3d 170, as support for this proposition.

In *O'Connell*, our supreme court held that where the plaintiff responded to a motion to dismiss for lack of diligence in service of process pursuant to Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)) with a section 2—1009 motion to voluntarily dismiss, the Rule 103(b) motion must be heard on its merits prior to a ruling on plaintiff's motion to voluntarily dismiss. The court based its determination on its observation that "[n]othing is more critical to the judicial function than the administration of justice without delay" and due diligence in serving process is essential to that purpose. (*O'Connell*, 112 Ill. 2d at 282.) However, in the instant case, defendants did not present a Rule 103(b) motion but a motion to reconsider; therefore, this situation does not fall within the purview of the *O'Connell* holding. Furthermore, as the instant situation does not create a conflict between a supreme court rule and a legislative enactment, the reasoning behind *O'Connell* is also not applicable. Thus, defendants fail to bring themselves within the purview of the rule they advocate.

Defendants also mistakenly rely on *Dillie v. Bisby* (1985), 136 Ill. App. 3d 170, a case analogous to *O'Connell*. The *Dillie* court held that "the trial courts should have discretion to consider any defense motion which might result in a dismissal with prejudice prior to ruling on a plaintiff's voluntary dismissal motion." (*Dillie*, 136 Ill. App. 3d at 172.) Defendant interprets the phrase *any* defense motions to mean *all* motions. First, we do not agree that a motion to reconsider is a dispositive motion. Additionally, we do not agree with defendants' in-

terpretation of the court's language. The same interpretation and argument was presented by the defendants in *Mancuso v. Beach* (1986), 149 Ill. App. 3d 188, who attempted to apply the *Dillie* holding to their section 2—615(a) motion to dismiss for failure to state a cause of action. They also interpreted the phrase *any* defense motion as inclusive of *all* defense motions. The *Mancuso* court did not agree with their interpretation and, further, found that the holding in *"Dillie* [was] limited to its facts, *i.e.,* to cases involving a section 2—1009 motion for voluntary dismissal filed in response to a Rule 103(b) motion to dismiss for lack of due diligence in service of process." (*Marcuso,* 149 Ill. App. 3d at 192.) We agree with the *Mancuso* court on this point and, therefore, find *Dillie* inapplicable to the instant case. Thus, we find that the exception carved out for the rule that a plaintiff has an absolute right to voluntary dismissal prior to trial is inapplicable here and that the trial court properly considered plaintiffs' section 2—1009 motion prior to defendants' motion to reconsider. Accordingly, defendants' motion to reconsider was moot.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P.J., and LINN, J., concur.