2017 IL App (1st) 162712
No. 1-16-2712
Opinion filed December 21, 2017

FOURTH DIVISION

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| BARBARA S. HORLACHER, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 15 M2 2084 |
| | ) | |
| WILLIAM J. COHEN, D.D.S., | ) | The Honorable |
| | ) | Thaddeus Machnik |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE GORDON delivered the judgment of the court, with opinion.
Presiding Justice Burke and Justice Ellis concurred in the judgment and opinion.

**OPINION**

¶ 1        Plaintiff Barbara S. Horlacher filed a *pro se* complaint in Cook County circuit court

alleging malpractice by her dentist, defendant William J. Cohen. On this appeal, plaintiff

appeals both (1) the trial court's order, dated June 1, 2016, dismissing her third amended

complaint with prejudice and (2) the trial court's order, dated September 21, 2016, denying

her motion to reconsider.

¶ 2        For the reasons discussed below, we find (1) that the trial court correctly dismissed

plaintiff's third amended complaint on June 1, 2016, when plaintiff failed to include a

statutorily required written report from another dentist concluding that "a reasonable and meritorious cause" for her action existed (735 ILCS 5/2-622(a)(1) (West 2014)) and (2) that the trial court did not abuse its discretion by subsequently denying plaintiff's motion to reconsider, when plaintiff included the required report in support of this motion—although the trial court had already given plaintiff three previous chances, over the course of an entire year, to amend her complaint and attach a report supporting her claims. For the following reasons, we affirm.

¶ 3                                          BACKGROUND

¶ 4                                     I. Original Complaint

¶ 5        On May 28, 2015, plaintiff filed a *pro se* complaint against defendant, alleging dental malpractice in connection with his treatment of tooth No. 31. Specifically, the complaint alleged:

> "Damage and/or loss of four 2nd (second) molar teeth due to infection and/or fracture of 2nd molar #31 by Dr. William Cohen as he entered Tooth #31's cap with a drill causing a fracture with *bone marrow* oozing into tooth #31. This suit represents the cost to replace these four teeth with dental implants and nowhere near approach[e]s medical and antibiotic costs ensued nor possible loss of all of my teeth, nor death of two of my older doctors from infection by my gram positive staph infection which was systemic. This was a case of intent. Also, Dr. Wm. J. Cohen *never* informed me of this fracture. Negligence." (Emphasis in original.)

¶ 6        On July 6, 2015, plaintiff moved to amend her complaint and a day later, on July 7, 2015, defendant moved to dismiss, claiming, first, that plaintiff failed to file an affidavit, as required by section 2-622 of the Code of Civil Procedure (Code) (735 ILCS 5/2-622(a)(1)

(West 2014)), that she had consulted and reviewed the facts of the case with a licensed dentist who had determined there was a reasonable and meritorious cause for filing suit. Second, defendant claimed that plaintiff failed to state the dates of treatment and, thus, failed to allege that the suit fell within the two-year statute of limitations. 735 ILCS 5/13-212(a) (West 2014) ("no action for damages for injury *** against any *** dentist *** arising out of patient care shall be brought more than 2 years after the date on which the claimant knew *** of the existence of the injury").

¶ 7                           II. First Amended Complaint

¶ 8        On July 13, 2015, plaintiff filed her first amended complaint, which, like the original complaint, alleged malpractice in connection with the treatment of tooth No. 31. Specifically, the first amended complaint alleged:

> "Damage or loss to molar #31 and all other second molars and gums by infection and fracture of molar #31 by Dr. William J. Cohen as he entered tooth #31's cap with a drill causing *bone marrow* to ooz[e] into tooth #31. Damages include pain and suffering due to gram positive infection, *repeat* peridontal care, root canal work, oral surgery and medical care including medications, all of which are due to Dr. William J. Cohen's negligence in 2008. Dr. Wm. J. Cohen never told me the tooth was fractured! (#31). Brief to follow. Affidavit to follow." (Emphases in original.)

¶ 9        On July 13, 2015, plaintiff also filed a *pro se* brief in which she claimed (1) that her reviewing endodontist was out of town but that she could file her own affidavit because she was a registered health professional and (2) that the date of treatment was approximately August 2008. Plaintiff attached her own affidavit and documents showing that she was a technologist in hematology.

¶ 10    On July 13, 2015, the trial court granted plaintiff leave to file her first amended complaint.

¶ 11    On September 8, 2015, plaintiff moved to amend her first amended complaint (1) to add a claim with respect to the " 'res ipsa loqu[itu]r' doctrine to [her] negligence" claim; and (2) to add claims of "possible manslaughter and elder abuse in regard to [plaintiff], due to gram positive infection" and because "it was not possible to extract tooth #31 as [she] was on prescribed periactin which interferes with platelet and bleeding function."

¶ 12    On September 9, 2015, the trial court granted defendant's motion to dismiss the first amended complaint "without prejudice" and granted plaintiff "28 days until October 7, 2015 to file her final amended complaint with proper affidavits attached."

¶ 13                        III. Second Amended Complaint

¶ 14    On October 8, 2015, a day after it was due, plaintiff filed her second amended complaint, which, like her prior complaints, alleged dental malpractice in connection with the treatment of tooth No. 31.[1] However, this complaint added the date of treatment of that tooth, which was September 2, 2008. In addition, the complaint alleged that plaintiff did not leave defendant's care until May 21, 2013, that she did not discover the injury until May 30, 2013, that she filed suit within two years of the date of discovery, and that she had received her dental records from defendant but they were incomplete.

¶ 15    Specifically, the second amended complaint alleged:

"Loss of Molar #31 due to vertical root fracture, breakage and damage of all other second molars, decay and chipped right front incisor, inflammation of gums by

---

[1]The second amended complaint also mentions tooth No. 18. However, an affidavit later submitted by plaintiff from Dr. Mark Steinberg makes clear that the damage to tooth No. 18 was *the result* of the treatment of tooth No. 31. Dr. Steinberg averred: "Lower second molar #18 became infected from tooth #31." *Infra* ¶ 38.

4

infection and fracture of molar #31 by Dr. William J. Cohen as he entered tooth #31's cap with a dental drill *causing bone marrow* (per Dr. Russell Baer) to ooz[e] into tooth #31. Damages include pain and suffering due to gram positive, life-threatening infection (systemic), need for repeat periodontal treatment, root canal work, oral surgery with bone graft and medical care including medications; all of which are due to Dr. William J. Cohen's *negligence on 9-2-08.* Also there is the cost of implantation.

My dental records subpoen[a]ed from Dr. Cohen's office state that when I arrived in Dr. Cohen's office to get my teeth cleaned on *Aug. 19, 2008*, both my teeth and gums were healthy and in *good condition*. When I left Dr. Cohen's care on *May 21, 2013*, I had broken and chipped teeth, inflammed [*sic*] gums with life-threatening infection, decay, an urgent need of a cap on molar #18, a vertical root fracture in molar #31 and missing x-rays a month apart as well as other missing records (letter sent out) after paying a total of a little over $14,500.

I am claiming negligence during the course of dental treatment, relying on the *doctrines 'res ipsa loquitur'* and *failure to inform of the consequences of the procedures*. The *abscess* near the root of molar #31 did not begin to form until *10 months into treatment*. The *cap* of molar #31 was removed because it had a *hole in it*. This was a puncture injury which the staph bacteria have a great affinity for! This x-ray was missing from the subpoena[ed] records as well as the initial full mouth x-rays, back-up systems exist to prevent loss of computer records. *Records were lost here prior to 7 year retention laws!* This is *negligence* too.

5

I did *not know* that I had a systemic infection from a dental *cause* nor that I had a vertical root fracture of molar #31 until the surround *disc* (Exhibit B) was taken on *5-30-13* by the endodontist. I filed this lawsuit a few days short of two years from *5-30-13* as it relates to the *statute of limitations*. A reasonable dentist would have informed a patient of the consequences of the procedures prior to treatment, giving them a chance to get a second opinion or decline treatment for any reason including financial at that time. Standard periodontal treatment as was performed at the University of Chicago two years before, may have been all that was necessary. We intend to make use of 'res ipsa loquitur' as defined by section 2-113 of the Code of Civil Procedure. There appears to be some tampering with dental records. We will attempt to prove intent as it relates to 'statute of limitations.' " (Emphases in original.)

¶ 16    In addition, plaintiff submitted her own affidavit, which averred that she had "consulted and reviewed the facts of the case *** with the Reviewing Health Professional" who was a dentist.[2] Plaintiff also included a signed letter from a dentist recommending extraction of tooth No. 31 and a "Reviewing Dental Professional's Written Report" which discussed almost exclusively tooth No. 31

¶ 17    On November 10, 2015, defendant moved to dismiss on several grounds including (1) that any claims concerning tooth No. 31 were barred by the statute of limitations and the statute of repose, (2) that any claims concerning the treatment of other teeth failed to state the dates of treatment, and (3) that the "Reviewing Dental Professional's Written Report."

---

[2]Although the reviewing dentist is not named in her affidavit or in the attached "Reviewing Dental Professional's Written Report," the statute specifically states that she does not have to name the reviewing dentist. 735 ILCS 5/2-622(a)(1) (West 2014) ("information which would identify the reviewing health professional may be deleted" from the written report).

concerned only tooth No. 31. Defendant moved to dismiss pursuant to sections 2-615, 2-619 and 2-622 of the Code (735 ILCS 5/2-615, 2-619, 2-622 (West 2014)).

¶ 18          On December 2, 2015, plaintiff filed a brief in which she claimed, among other things, fraudulent concealment by defendant, and she attached exhibits including her dental records. On December 18, 2015, defendant filed a reply in which he argued, among other things, that plaintiff failed to allege any statements or acts by defendant that would constitute fraudulent concealment.

¶ 19          On January 13, 2016, the trial court granted defendant's motion to dismiss without prejudice and granted plaintiff "leave to file her Third and Final Amended Complaint no later than February 16, 2016."

¶ 20                              IV. Third Amended Complaint

¶ 21          On February 16, 2016, plaintiff filed her third amended complaint, consisting of five handwritten pages that sought damages for allegedly negligent dental treatment by defendant with respect to tooth No. 31, as well as other teeth. Although the complaint provides some dates, it does not distinguish between those dates when the allegedly negligent treatment was performed by defendant and those dates when the alleged injuries were discovered by other dentists. Thus, for example, the complaint alleges that there was a "deep drill injury" to tooth No. 31 on September 2, 2008, which apparently was done by defendant based on prior documents. However, the complaint further alleges that tooth No. 18 collapsed between September 2, 2008, and March 12, 2010, without specifying whether defendant or some other dentist was treating her on March 2, 2010. The complaint also alleges that she received "treatment of molars #18, #31 and gums" "on 3-12-10" and "5-11-10 to present" without

stating who was treating her during this time. The complaint also makes allegations concerning an "Invisalign" treatment under a heading that states "2-28-09 to 7-7-09 plus."

¶ 22    With respect to the statutes of limitation and repose, plaintiff alleged that she filed her first complaint on May 28, 2015, and that "I did not know that I had a systemic infection from a dental cause nor that I had a vertical root fracture of molar #31 until the disc (Exhibit B) was taken on 5-30-13 by the endodontist." Plaintiff alleged that defendant tried "getting past the *statutes of limitation and repose"* when he told her to find a dentist to do a "hemisection" when he knew no one would do this procedure and when he blamed the condition of tooth No. 31 on her endodontist "as a failed root canal." (Emphasis in original.)

¶ 23    Plaintiff also alleged that she needed missing X-rays, which she claimed that defendant was required to keep for 12 years. Plaintiff claimed that she should have 90 days after receipt of the X-rays in order to file a written report, and she requested that the court not rule on the limitation and repose statutes until after depositions were taken concerning the incomplete records.

¶ 24    Attached to the third amended complaint was an affidavit from plaintiff, which averred, in relevant part, about the missing records:

> "The dental records of [plaintiff] arrived by certified mail incomplete on August 1, 2015. The missing initial full-mouth x-rays would verify the presence of decay and thus the necessity for treatment of tooth #30 and #31 on 9-2-08 or any other lower teeth which is not true for a computer image \*\*\*. The missing x-ray of tooth #31 dated 7-7-09 would verify the treatment of tooth #31 on 7-7-09 \*\*\* beginning of a root ab[s]cess in Tooth #31, ten months after the drill injury on 9-2-08 to the capped tooth #31."

¶ 25     Plaintiff's affidavit did not attach a written report from a reviewing dentist. 735 ILCS 5/2-622(a)(1) (West 2014) ("A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, must be attached to the affidavit ***."). However, plaintiff's affidavit averred that she was executing her affidavit—not pursuant to subsection (a)(1) of section 2-622 of the Code—but alternatively pursuant to subsection (a)(3) which permits an affidavit averring that plaintiff made a request for records and defendant failed to produce them. 735 ILCS 5/2-622(a)(3) (West 2014) (plaintiff "shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following: *** 3. That a request has been made by the plaintiff *** for *** records *** and the party required to comply *** has failed to produce such records within 60 days").

¶ 26     On March 14, 2016, defendant moved to dismiss plaintiff's third amended complaint, claiming, among other things, that her action was barred by the relevant statutes of limitations and repose and that she failed to file a written report of a reviewing dentist as required by statute. Defendant again moved to dismiss pursuant to sections 2-615, 2-619 and 2-622 of the Code (735 ILCS 5/2-615, 2-619, 2-622 (West 2014)). Defendant's motion claimed that plaintiff alleged damages resulting from defendant's treatment of (1) tooth No. 31 on September 2, 2008, (2) tooth No. 18 between September 2, 2008, and March 12, 2010, (3) tooth No. 7 on July 18, 2011, and (4) teeth Nos. 15 and 2 on unspecified dates.

¶ 27     With respect to plaintiff's allegations of missing records, defendant's motion argued in relevant part:

"[Plaintiff] was provided copies of all of the records and x-rays in [defendant's] files via a letter from [defendant's] attorneys dated July 29, 2015. *** There are no additional records to be produced ***."

Defendant's motion made no response to plaintiff's claim that certain records were missing as stated, specifically, in her affidavit: (1) the initial full-mouth X-rays and (2) the X-ray of tooth No. 31, dated July 7, 2009.

¶ 28 On April 25, 2016, plaintiff responded, arguing among other things that she did not discover the injury until May 20, 2013 (735 ILCS 5/13-212(a) (West 2014) (no action for damages against a dentist "shall be brought more than 2 years after the date on which the claimant knew, or *** should have known" of the injury). Plaintiff argued that her initial complaint was filed on May 28, 2015, that defendant created a computer chart on Sunday, June 7, 2015, which was "probably" when he "threw out" her initial full-mouth X-ray, and that she filed a subpoena for her dental records on July 13, 2015. Plaintiff claimed, without a citation, that "[t]he Illinois Code of Civil Procedure requires records to be retained 12 years if litigation is in progress." *Cf.* 210 ILCS 90/1 (West 2014) (requiring hospitals, after being notified in writing that a particular X-ray is at issue, to retain that X-ray "for a period of 12 years from the date that the X-ray photograph film was produced"); 225 ILCS 25/50 (West 2014) (requiring dentists to make a record of all dental work in a manner and in sufficient detail that it may be used for identification purposes and to maintain these records for 10 years).

¶ 29 Plaintiff also argued fraudulent concealment and that:

"There is a new rule that the Reviewing Health or Dental Professional does not have to identify him or herself on the written report. With no signature there can be no

affidavit to notarize. The Reviewing Dentist can, however, be involved in depositions."

¶ 30     On May 9, 2016, defendant replied, arguing among other things (1) that plaintiff had merely photocopied her prior response to defendant's motion to dismiss plaintiff's prior complaint, crossed out a few paragraphs, and added a one-page "Addendum"; (2) that plaintiff still had not provided a report of a reviewing dentist (735 ILCS 5/2-622(a)(1) (West 2014)); and (3) that, in the one-page "Addendum," plaintiff "raised for the first time allegations regarding Invisalign treatment." Actually, that last part is not accurate. Plaintiff raised the allegations regarding the Invisalign treatment in her third amended complaint.

¶ 31     On June 1, 2016, plaintiff filed a motion, asking for 90 days "from the time *all* of my dental records are received" in order to obtain a reviewing dentist's report. (Emphasis in original.) See 735 ILCS 5/2-622(a)(3) (West 2014) ("the certificate and written report *** shall be filed within 90 days following receipt of the requested records"). Plaintiff argued that, "since the defendant can *never* submit initial x-rays, I should have a little more time. These x-rays were very important as they show and prove any scientific reason to drill or not to drill." (Emphasis in original.)

¶ 32     In support of her motion for a continuance, plaintiff argued:

"Exhibit 'D' of my dental records *** dated 3-12-2010 proves hemisection was stated by [defendant] as a means of saving tooth #31, as he invented the procedure, he knew neither he nor any other dentist would do this procedure. This date was within the two years of the incident of damage to tooth #31 on 9-2-2008 and *did cause* me *not to file* suit as I hunted fruitlessly for a dentist to do a hemisection, the limitations and repose statutes passed in time." (Emphases in original.)

11

¶ 33        On June 1, 2016, the trial court entered an order, finding in relevant part:

"1) Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint is granted with prejudice for the reasons set forth in Defendant's motion and reply brief[.]

2) Plaintiff's motion for a continuance is stricken as not timely.

3) Plaintiff's oral request for a continuance is denied."

¶ 34                        V. Plaintiff's Motion to Reconsider

¶ 35        On June 28, 2016, plaintiff moved to reconsider, stating among other things (1) that defendant told her "to seek a hemi-section which is not an existing possibility as no dentist will do it!"; (2) that plaintiff would settle for $40,000; and (3) that "Dr. Ashkena[z] was out of town until 6-28-16,"[3] and "[m]y expert witness Dr. Paul Ashkenaz, states that *no one* knew the vertical root fracture in tooth #31 existed with the complications caused by it until he made the disc (Exhibit B) on 5-30-2013. The case was filed on 5-28-15 within two years of *the time of discovery* according to section 13-215 of the Illinois Code of Civil Procedure which allows for five years." (Emphasis in original.)

¶ 36        On August 3, 2016, the trial court set a briefing schedule on plaintiff's motion to reconsider and a hearing for September 21, 2016. Defendant's response was due August 17, 2016, but it is not in the appellate record.[4]

¶ 37        On September 13, 2016, plaintiff filed her reply brief with exhibits including (1) a letter from defendant's attorney, dated July 29, 2015, accompanying defendant's document production and (2) a "Reviewing Dental Professional's Written Report" and an "Affidavit for

---

[3]In her brief filed on July 15, 2015, plaintiff claimed that her "expert witness and reviewing Endodontist is out of town until Aug. 3, 2015."
[4]Plaintiff claimed in her reply brief, filed September 14, 2016, that defendant failed to file a brief in response to her motion to reconsider.

Reviewing Health Professional" from Mark Steinberg, DDS, MD.[5] The letter from defendant's attorney stated, in relevant part:

"We are in receipt of your subpoena for records. Enclosed are copies of all of Dr. Cohen's records relating to your care and treatment that are in our possession. Dr. Cohen was unable to locate your initial full mouth x-rays from 2008 due to a change in office software."

Based on the above letter, plaintiff argued (1) that defendant had lost pertinent X-rays; (2) that defendant's destruction of these records was in violation of section 50 of the Illinois Dental Practice Act (225 ILCS 25/50 (West 2014)) requiring maintenance of these records for 10 years; and (3) that, since she did not have to file a written report until 90 days following receipt of the requested records and "[s]ince the Defendant *** can *never* completely fulfill this requirement, by their own admission, the plaintiff *** has an indefinite period of time to produce the Certificate and Written Report which are herein included." (Emphasis in original.)

¶ 38        Dr. Mark Steinberg averred, in full, in his affidavit:

"In accordance with section 2-622 of the Code of Civil Procedure, I have reviewed the facts of case # 15M202084. There was a hole in the cap at the mesial-buccal surface of lower second molar #31 consistent with penetration by a dental drill which occurred on 9-2-08. The resultant injection responded to the antibiotic, V-Clin K 500 mgms, first pr[e]scribed by [defendant] on 3-12-10 for gram positive microorganisms consistent with puncture wound injury to tooth #31 on 9-2-08. Lower second molar #18 became infected from tooth #31. Second upper molars #2 and #15

_____

[5]Steinberg's affidavit was sworn to under penalty of perjury as provided by section 1-109 of the Code. 735 ILCS 5/1-109 (West 2014).

began to erupt due to the lack of opposing surfaces of the lower second molars #31 and #18 prior to two years from 9-2-08. The damage to second molars #18, #2 and #15 and the infection of #18 and all gums was *caused* by the *negligence* and damage to tooth #31 on 9-2-08 and occurred within two years of 9-2-08. The infection of gums occurred prior to 3-12-10 and requires complete periodontal treatment.

The invisalign treatment initiated on 2-23-09 by [defendant] was accomplished by pulling the lower teeth back from a fractured lower right second molar #31 and should not have been performed. Prior to the 11-16-09 appointment, the patient, [plaintiff], was not informed by the staff to save invisalign upper aligner #5 as a retainer for upper teeth. Instead, she was told to toss out all aligners after their use! This *negligence* resulted in upper front tooth #8 becoming twisted.

Initial full mouth x-rays were transferred to a computer chart and then disposed of on 6-7-15 prior to the 10 year retention rule in section 50 of the Illinois Dental Practice Act.

For these reasons, I attest that *negligence* has occurred and that there is a reasonable and Meritorious *cause* for filing of this lawsuit. I attest that a reasonable health professional would have informed the patient, [plaintiff], of the consequences of these procedures before treatment." (Emphases in original.)

¶ 39 On September 21, 2016, the trial court entered an order denying plaintiff's motion to reconsider. The order did not provide reasons and did not state that reasons were provided in open court.

¶ 40 On September. 26, 2016, plaintiff filed a timely notice of appeal, stating that she was appealing both (1) the trial court's order, dated June 1, 2016, dismissing her third amended

complaint with prejudice and (2) the trial court's order, dated September 21, 2016, denying her motion to reconsider. Plaintiff filed her notice *pro se* and continues to represent herself *pro se* on this appeal.

¶ 41                                    ANALYSIS

¶ 42          On appeal, plaintiff claims, among other things (1) that the trial court mistakenly applied the statutes of limitation and repose (735 ILCS 5/13-212(a) (West 2014)) and the exception from these statutes for fraudulent concealment (735 ILCS 5/13-215 (West 2014)); (2) that she discovered the injury on May 30, 2013, and brought suit on May 28, 2015, which was within two years of discovery (735 ILCS 5/13-212(a) (West 2014) ("2 years after the date on which the claimant knew"); (3) that her "third amended complaint met the legal requirements in 735 ILCS 5/2-622 [(West 2014)],", which required an affidavit and a written report; (4) that, "since the defendant/appellee can *never* produce these so-called lost x-rays, the plaintiff/appellant theoretically would have forever to file the certificate and written report required by paragraph 1 instead of 90 days"; and (5) that the trial court failed to apply "Federal Hippaa Laws via Judicial Notice."[6]

¶ 43          Since plaintiff appeals both the trial court's dismissal order and its denial of her motion to reconsider, we consider both orders, in turn. For the reasons discussed below, we find (1) that the trial court correctly dismissed plaintiff's third amended complaint, when plaintiff failed to include a statutorily required written report, and (2) that the trial court did not abuse its discretion by subsequently denying plaintiff's motion to reconsider, when plaintiff included the required report in support of this motion—although the trial court had

---

[6]Concerning "Hippaa," plaintiff argues in her appellate brief: "The Hippaa laws grant patients the right to make choices. It was his duty as a dentist to give me information and options so I could make treatment choices."

given plaintiff three previous chances, over the course of an entire year, to amend her complaint and attach a report that would support her claims. Since the failure to provide the report in a timely fashion is grounds for dismissal by itself, we need not address plaintiff's other claims. *People v. Johnson*, 237 Ill. 2d 81, 89 (2010) (a reviewing court may affirm on any basis found in the record); *In re Marriage of O'Malley*, 2016 IL App (1st) 151118, ¶ 56 ("we may affirm on any basis found in the record").

¶ 44                                    I. Statutory Interpretation

¶ 45        This appeal requires us to interpret and apply the relevant statutes and, thus, to also apply the well-known principles of statutory interpretation. The primary objective of statutory interpretation is to give effect to the legislature's intent, which is best indicated by the plain language of the statute itself. *State of Illinois ex rel. Pusateri v. Peoples Gas Light & Coke Co.*, 2014 IL 116844, ¶ 8 (citing *Citizens Opposing Pollution v. ExxonMobil Coal U.S.A.*, 2012 IL 111286, ¶ 23). Where the language is plain and unambiguous, we apply the statute without resort to further aids of statutory interpretation. *In re Lance H.*, 2014 IL 114899, ¶ 11.

¶ 46        We consider the statute in its entirety, the reason for the law, the problems that the legislature intended to remedy with the law, and the consequences of construing it one way or the other. *People v. Almond*, 2015 IL 113817, ¶ 34 (we may "also consider the reason for the law and the problems intended to be remedied"); *People v. Eppinger*, 2013 IL 114121, ¶ 21 (legislative intent may be ascertained by considering "the statute in its entirety, its nature and object, and the consequences of construing it one way or the other"); *In re Michael D.*, 2015 IL App (1st) 143181, ¶ 21.

¶ 47        Questions of statutory interpretation are reviewed *de novo*. *People v. Schlosser*, 2017 IL App (1st) 150355, ¶ 28; *People v. Chatman*, 2016 IL App (1st) 152395, ¶ 23. "*De novo* review means that we will perform the same analysis a trial court would perform." *Trzop v. Hudson*, 2015 IL App (1st) 150419, ¶ 63.

¶ 48                                 II. Section 2-619 Dismissal

¶ 49        Sections 2-619 and 2-622 of the Code (735 ILCS 5/2-615, 2-619, 2-622 (West 2014)) were among the grounds claimed in defendant's motion to dismiss plaintiff's third amended, and final, complaint. Section 2-622 expressly provides that a failure to comply with this section "shall be grounds for dismissal under Section 2-619." 735 ILCS 5/2-622(g) (West 2014).[7]

¶ 50        "A motion to dismiss, pursuant to section 2-619 of the Code, admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim." (Internal quotation marks omitted.) *Trzop v. Hudson*, 2015 IL App (1st) 150419, ¶ 63. "For a section 2-619 dismissal, our standard of review is *de novo*." *Trzop*, 2015 IL App (1st) 150419, ¶ 63. As we already observed above, "[u]nder the *de novo* standard of review, this court owes no deference to the trial court." (Internal quotation marks omitted.) *Trzop*, 2015 IL App (1st) 150419, ¶ 63. "In ruling on a section 2-619 motion to dismiss, the court must interpret the pleadings and supporting materials in the light most favorable to the nonmoving party." *Trzop*, 2015 IL App (1st) 150419, ¶ 63.

¶ 51        Before considering whether a section 2-619 motion was properly granted, we must consider if the motion was properly brought. For a motion to be properly brought under

---

[7]In addition, section 2-619(a)(5) of the Code provides for dismissal where "the action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2014). As we explain below, there was a 90-day time limit for filing the report at issue.

section 2-619, the motion (1) must concern one of nine listed grounds and (2) must be filed within the time for pleading. *Wilson v. Molda*, 396 Ill. App. 3d 100, 105 (2009); *River Plaza Homeowner's Ass'n v. Healey*, 389 Ill. App. 3d 268, 275 (2009).

¶ 52 The Code provides that a section 2-619 motion may be brought on one of only nine listed grounds. 735 ILCS 5/2-619(a) (West 2014). One of these grounds is that the complaint is "barred by other affirmative matter avoiding the legal effect" of the claim (735 ILCS 5/2-619(a)(9) (West 2014)), and section 2-622 expressly provides that a failure to comply with it is "grounds for dismissal under Section 2-619" (735 ILCS 5/2-622(g) (West 2014)). Thus, defendant satisfied the first requirement for a section 2-619 motion.

¶ 53 In addition, for a section 2-619 motion to be properly brought, it must not only concern a listed ground, but it must also be filed "within the time for pleading." 735 ILCS 5/2-619(a) (West 2014); *Trzop*, 2015 IL App (1st) 150419, ¶ 67. The purpose of a section 2-619 motion is to dispose of issues of law and easily proved issues of fact at the onset of the litigation. *Trzop*, 2015 IL App (1st) 150419, ¶ 67. Generally, defendants are required to file an answer or otherwise appear within 30 days after service. Ill. S. Ct. R. 101(d) (eff. Jan. 1, 2016). In the case at bar, plaintiff filed her third amended complaint on February 16, 2016, and defendant filed his subsequent motion to dismiss on March 14, 2016, which was within 30 days.

¶ 54 Moreover, since the record does not disclose that plaintiff claimed either at the trial level or on this appeal that defendant failed to file his section 2-619 motion within the time for pleading, any issue regarding the timeliness of his filing has been waived for our consideration. *Wilson*, 396 Ill. App. 3d 100, 105 (where plaintiff fails to raise any timeliness

issue with respect to a section 2-619 motion, that issue is waived for consideration on appeal).

¶ 55    Thus, defendant satisfied the two requirements for properly bringing a section 2-619 motion. We now analyze the question of whether it was properly granted.

¶ 56                          III. The Required Report

¶ 57    Section 2-622(a) provides, in relevant part, that "In any action *** in which the plaintiff seeks damages for injuries *** by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney or *the plaintiff, if the plaintiff is proceeding pro se,* shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following[.]" (Emphasis added.) 735 ILCS 5/2-622(a) (West 2014). As we discuss below, this section also requires "a written report," attached to the plaintiff's affidavit. 735 ILCS 5/2-622(a)(1) (West 2014). By its express language, this section leaves no doubt that its requirements apply with equal force to plaintiffs "proceeding pro se." 735 ILCS 5/2-622(a) (West 2014).

¶ 58    The term " ' "healing art" malpractice,' " as used in section 2-622, is " 'a broad category that is not confined to actions against physicians and hospitals but rather *** also include[s] actions against other health professionals such as dentists.' " *Jackson v. Chicago Classic Janitorial & Cleaning Service, Inc.*, 355 Ill. App. 3d 906, 910 (2005); *Bernier v. Burris*, 113 Ill. 2d 219, 226-27 (1986). The purpose of the "report required by section 2-622(a)(1)" is "to reduce the number of frivolous medical malpractice lawsuits at an early stage before litigation expenses mount." *Sullivan v. Edward Hospital*, 209 Ill. 2d 100, 116-17 (2004); *Bernier*, 113 Ill. 2d at 229 ("The history of the legislation amply demonstrates that it was enacted in response to what was perceived to be a crisis in the area of medical

malpractice."). See also *Ripes v. Schlechter*, 2017 IL App (1st) 161026, ¶ 14. Since this action is against a dentist, section 2-622, as well as its legislative purpose, applies to this action.

¶ 59    Section 2-622(a)(1) requires a *pro se* plaintiff to file with her complaint an affidavit averring:

"That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in the particular action; and (iii) is qualified by experience or demonstrated competence in the subject of the case; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action." 735 ILCS 5/2-622(a)(1) (West 2014).

¶ 60    Specifically, with respect to "a dentist," section 2-622(a)(1) requires that "the written report must be from a health professional licensed in the same profession, with the same class of license, as the defendant." 735 ILCS 5/2-622(a)(1) (West 2014).

¶ 61    Section 2-622(a)(1) states that the written report "must be attached to the affidavit." 735 ILCS 5/2-622(a)(1) (West 2014). The report must "clearly identify[ ] the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and

meritorious cause for the filing of the action exists." 735 ILCS 5/2-622(a)(1) (West 2014).
However, while the affidavit must identify the profession of the reviewing health professional, "information which would identify" him or her "may be deleted" from the copy of the written report attached to the affidavit. 735 ILCS 5/2-622(a)(1) (West 2014).

¶ 62        Although subsection (a)(1) requires that the report must be attached to the affidavit and that the affidavit must be filed with the complaint, subsections (a)(2) and (a)(3) provide two exceptions where a 90-day extension is permitted. 735 ILCS 5/2-622(a)(2), (a)(3) (West 2014). "These two exceptions to the general rule have been described as 'safety valves' that permit the late filing of the affidavit and report required by section 2-622(a)(1)." *Fox v. Gauto*, 2013 IL App (5th) 110327, ¶ 18 (quoting *Whamond v. McGill*, 168 Ill. App. 3d 66, 70 (1988)).

¶ 63        Subsection (a)(2) provides an exception when:

"the affiant was unable to obtain a consultation required by paragraph 1 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations." 735 ILCS 5/2-622(a)(2) (West 2014).

In this event, a plaintiff must submit with her complaint an affidavit stating the above facts. 735 ILCS 5/2-622(a)(2) (West 2014). Then the "written report required by paragraph 1 shall be filed within 90 days after the filing of the complaint." 735 ILCS 5/2-622(a)(2) (West 2014).

¶ 64        The situation, described in subsection (a)(2), may have arguably applied to the filing of plaintiff's original complaint. Plaintiff claimed that she did not discover the injury until May 30, 2013, and she filed her original complaint on May 28, 2015, just two days short of

the two-year statute of limitations. 735 ILCS 5/13-212(a) (West 2014). However, even if subsection (a)(2) applied, the extension would have lasted only 90 days or until August 26, 2015.

¶ 65        On July 13, 2015, plaintiff filed a *pro se* brief claiming (1) that her reviewing endodontist was out of town until August 3, 2015, and (2) that she could file her own affidavit because she was a technologist in hematology.

¶ 66        Her second claim is flatly contradicted by the express words of the statute. Section 2-622(a)(1) expressly provides that, with respect to "a dentist," "the written report must be from a health professional licensed in the same profession, with the same class of license, as the defendant." 735 ILCS 5/2-622(a)(1) (West 2014). A technologist in hematology is simply not a dentist.

¶ 67        As for her first claim, that her reviewing endodontist was out of town, Illinois Supreme Court Rule 183 provides that the court, for good cause shown, may extend the time for filing any pleading or doing any act required by the rules to be done within a limited time period. Ill. S. Ct. R. 183 (eff. Feb. 16, 2011). Courts have applied this " 'good cause' " rule to "situations when a plaintiff has not filed the required affidavit and report within 90 days" as section 2-622 required. *Fox*, 2013 IL App (5th) 110327, ¶¶ 25-29 (discussing cases where the rule was applied to section 2-622); *Tucker v. St. James Hospital*, 279 Ill. App. 3d 696, 704 (1996) (the "good cause" rule applies to the 90-day time limit in section 2-622). Mistake, inadvertence, and attorney neglect are not "automatically excluded from the trial court's consideration in determining whether good cause exists to grant an extension of time pursuant to Rule 183." *Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334, 352 (2007). Although a failure to file the report is "grounds" for dismissing the complaint with prejudice

(735 ILCS 5/2-622(g) (West 2014)), a dismissal with prejudice is not required. *Fox*, 2013 IL App (5th) 110327, ¶ 19; *McCastle v. Mitchell B. Sheinkop, M.D., Ltd.*, 121 Ill. 2d 188, 192 (1987). Instead, a trial court has the discretion to determine whether to dismiss the action based on the plaintiff's failure to file the report or, alternatively, to allow plaintiff further time. *Fox*, 2013 IL App (5th) 110327, ¶ 19.

¶ 68    Plaintiff filed her original complaint on May 28, 2015, which she argued was two days from the end of the applicable limitations period. See 735 ILCS 5/2-622(a)(2) (West 2014) (a plaintiff may have an extra 90 days to file the written report if she files an affidavit stating she was not able to obtain it "before the expiration of the statute of limitations"). Almost two months later, on July 13, 2015, plaintiff first claimed that her reviewing endodontist was out of town. If the trial court had chosen to dismiss with prejudice at that point, we could not have found an abuse of discretion, where plaintiff failed to file an affidavit with her original complaint averring that "the consultation required could not be obtained before the expiration of the statute of limitations" (735 ILCS 5/2-622(a)(2) (West 2014)) as the statute required, where plaintiff did not first set forth her out-of-town endodontist claim until two months after such an affidavit was due and she further claimed that she could serve as her own reviewing professional.

¶ 69    However, the trial court *did* provide plaintiff with two more opportunities to amend her complaint and to file a report that would support her claims. First, on September 9, 2015, the trial court ordered plaintiff to file "her final amended complaint with proper affidavits attached" by October 7, 2015. On October 8, 2015, a day late, plaintiff filed her second amended complaint, with her affidavit and a "Reviewing Dental Professional's Written Report." The report concerned almost exclusively tooth No. 31. Thus, on January 13, 2016,

the trial court granted defendant's motion to dismiss without prejudice but granted plaintiff leave to file "her Third and Final Amended Complaint" by February 16, 2016.

¶ 70       With her third amended and final complaint, plaintiff failed to submit *any* written report and sought to invoke the second exception in section 2-622.

¶ 71       Section 2-622(a)(3) provides, in relevant part, that the plaintiff seeking to invoke this exception must submit an affidavit averring:

"That a request has been made by the plaintiff or his attorney for examination and copying of records *** and the party required to comply *** has failed to produce such records within 60 days of the receipt of the request. If an affidavit is executed pursuant to this paragraph, ***[the] written report required by paragraph 1 shall be filed within 90 days following receipt of the requested records." 735 ILCS 5/2-622(a)(3) (West 2014).

¶ 72       In her affidavit, filed February 16, 2016, plaintiff stated, in relevant part:

"This affidavit is being executed pursuant to paragraph No. 3 involving a request for dental records ***. The dental records of [plaintiff] arrived by certified mail incomplete on August 1, 2015."

¶ 73       In her third amended and final complaint, plaintiff alleged that "I should have 9*0 days to get* the *** *written report* from the time I receive one or both of these x-rays. I don't know the rule for *incomplete records*. I would request that the court rule on limitation and repose statutes after pertinent depositions." (Emphases in original.) These allegations indicate that plaintiff's decision not to attach a written report to her third amended and final complaint was a deliberate and calculated decision rather than the result of mere oversight on her part. See *Premo v. Falcone*, 197 Ill. App. 3d 625, 630 (1990) (the legislature "intended to allow

24

the trial court to have the discretion to permit plaintiff to amend the complaint to add an affidavit which was inadvertently omitted").

¶ 74    On June 1, 2016, after the parties had already spent months fully briefing defendant's *fourth* motion to dismiss, plaintiff moved for a continuance "to get reviewing dental affidavit and report as dentists are very busy[8] and I am working and not well. I should have 90 days from the time *all* my dental records are received." (Emphasis in original.) Plaintiff argued that she was entitled to more time "since the defendant can *never* submit initial x-rays." (Emphasis in original.)

¶ 75    Section 2-622(a)(3) provides that the written report "shall be filed within 90 days following receipt of the requested records." 735 ILCS 5/2-622(a)(3) (West 2014). Plaintiff admits that she received records from defendant on August 1, 2015. Ninety days from August 1, 2015, was October 30, 2015. Plaintiff's motion for a continuance was filed 10 months later—a far cry from the 90 days allowed by the statute—and plaintiff was still not willing to file the report at that time, 10 months after receiving records from defendant. See *Tucker*, 279 Ill. App. 3d at 704 (the trial court was "well within its discretion" to dismiss the plaintiff's complaint when the report was filed 13 months after the suit at issue was filed).

¶ 76    Plaintiff argued before the trial court and before this court that, since some of the records were missing, the 90-day period never began to run and she had, in essence, unlimited time to file the written report.[9] She asked the trial court to wait until "after pertinent depositions." Plaintiff cites no cases to support this novel interpretation of section

---

[8]*Cf. Simpson v. Illinois Health Care Services, Inc.*, 225 Ill. App. 3d 685, 687-88 (1992) (the appellate court found that the trial court abused its discretion by dismissing when the plaintiff's attorney detailed in an affidavit all the efforts he had made to obtain the physician's report).

[9]In her *pro se* appellate brief, plaintiff argued: "Since the Defendant/Appellee can *never* produce these so-called lost x-rays, the Plaintiff/Appellant theoretically would have forever to file the *** written report required by paragraph 1 instead of 90 days." (Emphasis in original.)

2-622(a)(3), nor can we find any. The legislative purpose of the statute suggests otherwise. As noted above, the purpose of the statute was to stop frivolous malpractice suits at the pleading stage, rather than the discovery stage. *Sullivan*, 209 Ill. 2d at 116-17 (2004) (the legislative purpose was "to reduce the number of frivolous medical malpractice lawsuits at an early stage before litigation expenses mount"); *Bernier*, 113 Ill. 2d at 229 ("The history of the legislation amply demonstrates that it was enacted in response to what was perceived to be a crisis in the area of medical malpractice."). See also *Ripes*, 2017 IL App (1st) 161026, ¶ 14; *Fox*, 2013 IL App (5th) 110327, ¶ 16 (section 2-622 "was designed to eliminate frivolous medical malpractice lawsuits at the pleading stage"). For this reason, even the " 'safety valve[ ]' " exceptions permitted extensions of only 90 days—not 10 months and certainly not the unlimited time that plaintiff argues for. *Fox*, 2013 IL App (5th) 110327, ¶ 18 (quoting *Whamond*, 168 Ill. App. 3d at 70). Thus, we do not find plaintiff's argument persuasive, and we cannot find that the trial court erred by dismissing her suit on June 1, 2016.

¶ 77                                    IV. Motion to Reconsider

¶ 78        As noted above, plaintiff appeals both the original decision on June 1, 2016, and the trial court's denial of her motion to reconsider on September 21, 2016.

¶ 79        The purpose of a motion to reconsider is to bring to the trial court's attention a change in the law, an error in the trial court's previous application of existing law, or newly discovered evidence that was not available at the time of the prior hearing or decision. *Hachem v. Chicago Title Insurance Co.*, 2015 IL App (1st) 143188, ¶ 34; *Emrikson v. Morfin*, 2012 IL App (1st) 111687, ¶ 29; *Belluomini v. Zaryczny*, 2014 IL App (1st) 122664, ¶ 20; *People v. $280,020 United States Currency*, 372 Ill. App. 3d 785, 791 (2007).

¶ 80    When reviewing a motion to reconsider that is based on a trial court's purported misapplication of existing law, our standard of review is *de novo. Belluomini*, 2014 IL App (1st) 122664, ¶ 20; *$280,020 United States Currency*, 372 Ill. App. 3d at 791. By contrast, where the motion to reconsider is based on new evidence, facts, or legal theories not presented in the prior proceedings, our standard of review is abuse of discretion. *$280,020 United States Currency*, 372 Ill. App. 3d at 791; see also *Belluomini*, 2014 IL App (1st) 122664, ¶ 20 ("Generally, a trial court's ruling on a motion to reconsider is reviewed under the abuse of discretion standard."); *Luss v. Village of Forest Park*, 377 Ill. App. 3d 318, 330 (2007) (the standard of review for a trial court's denial of a motion to reconsider is generally abuse of discretion).

¶ 81    In the case at bar, plaintiff provided new evidence[10] in support of her motion to reconsider, namely, the report of Dr. Steinberg. Thus, our standard of review is abuse of discretion. An abuse of discretion occurs when a trial court's decision is arbitrary, fanciful, unreasonable, or where no reasonable person would adopt the court's view. *Emrikson*, 2012 IL App (1st) 111687, ¶ 14.

¶ 82    Initially, we must determine whether Dr. Steinberg's report qualifies as newly discovered evidence. See *Emrikson*, 2012 IL App (1st) 111687, ¶ 30. As we observed above, a motion to reconsider has a limited purpose, and it is to bring to the trial court's attention (1) newly discovered evidence, (2) changes in the law, or (3) errors in the trial court's prior application of existing law. *E.g. Emrikson*, 2012 IL App (1st) 111687, ¶ 29. Only the first category could possibly cover Dr. Steinberg's report. With respect to a motion to reconsider

---

[10]To the extent that plaintiff intended her motion to reconsider as a challenge to the trial court's application of existing law, our standard of review is *de novo*, and we do not find plaintiff's arguments persuasive for the same reasons that we already explained in our prior section.

in civil cases, newly discovered evidence has been defined as evidence that was not available at the time of the prior order or hearing. *Emrikson*, 2012 IL App (1st) 111687, ¶ 30; *Landeros v. Equity Property & Development*, 321 Ill. App. 3d 57, 65 (2001).

¶ 83        "In the absence of a reasonable explanation regarding why the evidence was not available at the time of the original hearing, the circuit court is under no obligation to consider it." *Emrikson*, 2012 IL App (1st) 111687, ¶ 30 ("there was no reason for the circuit court to reconsider its decision on the basis of this evidence" where the plaintiff failed to provide an explanation as to why she was unable to learn of it prior to the original hearing); *Landeros*, 321 Ill. App. 3d at 66 (where the "information was readily discoverable prior to the [original] hearing," it did not qualify as newly discovered evidence and could be disregarded on a motion to reconsider); *Gardner v. Navistar International Transportation Corp.*, 213 Ill. App. 3d 242, 248 (1991) (the trial court was justified in disregarding an affidavit attached to plaintiff's motion to reconsider, when the plaintiff failed to provide a reasonable explanation as to why it was not offered in response to the original motion).

¶ 84        " 'Trial courts should not allow litigants to stand mute, lose a motion, and then frantically gather evidentiary material to show that the court erred in its ruling.' " *Landeros*, 321 Ill. App. 3d at 65 (quoting *Gardner*, 213 Ill. App. 3d at 248). "Civil proceedings already suffer from far too many delays ***." *Gardner*, 213 Ill. App. 3d at 248.

¶ 85        In addition, the trial court had already ordered plaintiff to file her "final" complaint— twice before. When litigants appear *pro se*, their status does not relieve them of their burden of complying with the court's rules or orders. *Oruta v. B.E.W.*, 2016 IL App (1st) 152735, ¶ 30; *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78 ("In Ilinois, parties choosing to

represent themselves without a lawyer must comply with the same rules \*\*\*."); *Epstein v. Galuska*, 362 Ill. App. 3d 36, 39 (2005).

¶ 86    In the case at bar, plaintiff filed Dr. Steinberg's report for the first time as an attachment to the reply brief in support of her motion. Plaintiff provided no explanation in her motion to reconsider or in her reply brief as to why she could not have provided Dr. Steinberg's report earlier. She argued only that, since defendant could never produce the records she requested, she had "an indefinite period of time" to produce the report. In sum, we cannot find that the trial court abused its discretion by denying plaintiff's motion to reconsider, where plaintiff supplied Dr. Steinberg's report for the first time as part of her motion to reconsider, without a reasonable explanation for the delay, and despite repeated opportunities to amend her complaint.

¶ 87                                    CONCLUSION

¶ 88    For the foregoing reasons, we affirm the trial court's order dismissing plaintiff's third amended complaint with prejudice and the trial court's denial of plaintiff's motion to reconsider.

¶ 89    Affirmed.